IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **CHARLES MYRON TAYLOR, II,** | : |
| **Plaintiff,** | : |
| V. | : |
| Governor **BRIAN P. KEMP,** *et al.*, | : NO. 4:24-cv-00105-CDL-AGH |
| **Defendants.** | : |

## ORDER OF DISMISSAL

Plaintiff Charles Myron Taylor, II, an inmate in the Valdosta State Prison Annex in Valdosta, Georgia, filed a 42 U.S.C. § 1983 complaint. Compl., ECF No. 1. Because he had not done so, Plaintiff was ordered to either pay the filing fee or move for leave to proceed *in forma pauperis* in this action. Order, ECF No. 4. Plaintiff was given fourteen days to comply and was cautioned that his failure to do so could result in the dismissal of this case. *Id.*

Thereafter, Plaintiff did not pay the filing fee or move for leave to proceed *in forma pauperis* within the time allotted. Instead, Plaintiff filed a document, which he titled "notification of record to courts." Mot., ECF No. 5. The document was largely incomprehensible, as it was filled with improperly used legal jargon and nonsensical phrases and requests. *Id.* at 2, 4. Nevertheless, the United States Magistrate Judge noted that, at one point in the filing, Plaintiff asserted that he wanted a change of venue. Because Plaintiff did not identify any basis for changing the venue, the Magistrate Judge denied the request. Order, ECF No. 6.

Additionally, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to comply with the Court's order for him to either pay the filing fee or move for leave to proceed *in forma pauperis*.  *Id.*  Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this action.  *Id.*

More than fourteen days have now passed since the order to show cause was entered, and Plaintiff has not responded to that order.  Therefore, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**.  See Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 15th day of October, 2024.

      S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA